SCOTTLYNN J HUBBARD IV, SBN 212970
KHUSHPREET R. MEHTON, SBN 276827
**DISABLED ADVOCACY GROUP, APLC**
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244
Email: USDCCentral@HubsLaw.com

Attorneys for Plaintiff


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| MICHAEL ROCCA, | No. |
|     Plaintiff, | |
|     vs. | **Plaintiff's Complaint** |
| NORMS RESTAURANTS, LLC dba NORM'S RESTAURANT; KATELLA SOUTHWEST, LLC, | |
|     Defendants. | |

# I. SUMMARY

1.      This is a civil rights action by plaintiff Michael Rocca (referred to hereinafter as "Rocca") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Norm's Restaurant
1550 East Katella Avenue
Orange, CA 92867
(referred to hereinafter as "the Restaurant")

2.      Rocca seeks damages, injunctive and declaratory relief, attorney fees and costs pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) and related California statutes against: Norms Restaurants, LLC dba Norm's Restaurant; Katella Southwest, LLC (hereinafter collectively referred to as "Norm's Restaurant").

# II. JURISDICTION

3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.      Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.      Rocca's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6.      All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

# IV. PARTIES

7.      Norm's Restaurant owns, operates, and/or leases the Restaurant, and consists of a person (or persons), firm, and/or corporation.

8.      Rocca is a T6 paraplegic due to a motorcycle accident, is unable to walk or stand and uses a mobility equipped vehicle when traveling.  Consequently, Rocca is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.      The Restaurant is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.     While in the area, Rocca visited the Restaurant to purchase some food and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.  To the extent known by Rocca, the barriers at the Restaurant included, but are not limited to, the following:

- At least one of the disabled parking spaces has slopes and/or cross slopes that are too steep.  Without a level parking space, it is difficult for Rocca to unload/transfer from a vehicle as his wheelchair rolls and/or a lift's platform cannot sit level;

- At least one of the access aisles has slopes and/or cross slopes that are too steep.  Without a level access aisle, it is difficult for Rocca to unload/transfer from a vehicle as his wheelchair rolls and/or a lift's platform cannot sit level;

- There is no signage at the strike side of the men's restroom door that would indicate to Rocca that the facility is intended to be accessible;

- The water closet stall door is not self-closing, thus making it difficult for Rocca to pull shut;

- There is no handle on the interior of the water closet, thus making it difficult for Rocca to shut the door;

- The coat hook on the interior of the water closet stall door is mounted too high, thus making it difficult for Rocca to reach and use;

- The disposable seat cover dispenser is mounted too high, thus making it difficult for Rocca to reach and use;

- There is no back grab bar, thus making it difficult for Rocca to transfer from his wheelchair to the water closet;

- The soap dispenser is mounted too high, thus making it difficult for Rocca to reach and use; and,

- The pipes beneath the lavatory are incompletely wrapped, thus causing Rocca to risk burning his legs when washing his hands

11. There is a water closet stall provided that is intended to be accessible to the disabled, however, it is an "ambulatory accessible compartment." Facilities may only have an "ambulatory accessible compartment" if there is already a standard side-transfer compartment provided and there are at least six or more total compartments – such is not the case at the Restaurant, therefore:

- There is insufficient clear floor space within the water closet stall, thus making it difficult – if not impossible – for Rocca to enter, maneuver within and transfer to the water closet;

- There is insufficient clear space at the water closet, thus making it difficult for Rocca to transfer from his wheelchair to the water closet;

- The water closet is mounted too far from the closest side wall, thus making it difficult for Rocca to transfer from his wheelchair; and,

- The flush valve is not located on the "wide" side of the water closet, thus making it difficult for Rocca to reach and use.

These barriers prevented Rocca from enjoying full and equal access.

12. Rocca was also deterred from visiting the Restaurant because he knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as

*Rocca v. Norms Restaurants, LLC, et al.*
Plaintiff's Complaint

Page 4

himself). He continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

13.    Rocca also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be construed as an allegation that Rocca is seeking to remove barriers unrelated to his disability.

14.    Norm's Restaurant knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Norm's Restaurant has the financial resources to remove these barriers from the Restaurant (without much difficulty or expense), and make the Restaurant accessible to the physically disabled.  To date, however, Norm's Restaurant refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

15.    At all relevant times, Norm's Restaurant has possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  Norm's Restaurant has not removed such impediments and has not modified the Restaurant to conform to accessibility standards.

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

16.    Rocca incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by

1   any person who owns, operates, or leases a place of public accommodation. 42
2   U.S.C. § 12182(a).

3        18.   Norm's Restaurant discriminated against Rocca by denying "full and
4   equal enjoyment" and use of the goods, services, facilities, privileges or
5   accommodations of the Restaurant during each visit and each incident of
6   deterrence.

7              Failure to Remove Architectural Barriers in an Existing Facility

8        19.   The ADA specifically prohibits failing to remove architectural
9   barriers, which are structural in nature, in existing facilities where such removal is
10  readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable"
11  is defined as "easily accomplishable and able to be carried out without much
12  difficulty or expense." Id. § 12181(9).

13       20.   When an entity can demonstrate that removal of a barrier is not readily
14  achievable, a failure to make goods, services, facilities, or accommodations
15  available through alternative methods is also specifically prohibited if these
16  methods are readily achievable. Id. § 12182(b)(2)(A)(v).

17       21.   Here, Rocca alleges that Norm's Restaurant can easily remove the
18  architectural barriers at Restaurant without much difficulty or expense, and that
19  Norm's Restaurant violated the ADA by failing to remove those barriers, when it
20  was readily achievable to do so.

21       22.   In the alternative, if it was not "readily achievable" for Norm's
22  Restaurant to remove the Restaurant's barriers, then Norm's Restaurant violated
23  the ADA by failing to make the required services available through alternative
24  methods, which are readily achievable.

25             Failure to Design and Construct an Accessible Facility

26       23.   On information and belief, the Restaurant was designed or
27  constructed (or both) after January 26, 1992—independently triggering access
28  requirements under Title III of the ADA.

*Rocca v. Norms Restaurants, LLC, et al.*
Plaintiff's Complaint

24.     The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25.     Here, Norm's Restaurant violated the ADA by designing or constructing (or both) the Restaurant in a manner that was not readily accessible to the physically disabled public—including Rocca—when it was structurally practical to do so.[1]

<u>Failure to Make an Altered Facility Accessible</u>

26.     On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.     The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id.</u>

28.     Here, Norm's Restaurant altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Rocca—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

29.     The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

---

[1]    Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Rocca v. Norms Restaurants, LLC, et al.*
Plaintiff's Complaint

1    30.    Here, Norm's Restaurant violated the ADA by failing to make

2    reasonable modifications in policies, practices, or procedures at the Restaurant,

3    when these modifications were necessary to afford (and would not fundamentally

4    alter the nature of) these goods, services, facilities, or accommodations.

5    31.    Rocca seeks all relief available under the ADA (*i.e.*, injunctive relief,

6    attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C.

7    § 12205.

8    32.    Rocca also seeks a finding from this Court (*i.e.,* declaratory relief)

9    that Norm's Restaurant violated the ADA in order to pursue damages under

10   California's Unruh Civil Rights Act or Disabled Persons Act.

11                              VII. SECOND CLAIM

12                            **Disabled Persons Act**

13   33.    Rocca incorporates the allegations contained in paragraphs 1 through

14   30 for this claim.

15   34.    California Civil Code § 54 states, in part, that: Individuals with

16   disabilities have the same right as the general public to the full and free use of the

17   streets, sidewalks, walkways, public buildings and facilities, and other public

18   places.

19   35.    California Civil Code § 54.1 also states, in part, that: Individuals with

20   disabilities shall be entitled to full and equal access to accommodations, facilities,

21   telephone facilities, places of public accommodation, and other places to which the

22   general public is invited.

23   36.    Both sections specifically incorporate (by reference) an individual's

24   rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

25   37.    Here, Norm's Restaurant discriminated against the physically disabled

26   public—including Rocca—by denying them full and equal access to the

27   Restaurant.  Norm's Restaurant also violated Rocca's rights under the ADA, and,

28

therefore, infringed upon or violated (or both) Rocca's rights under the Disabled Persons Act.

38. <u>For each offense</u> of the Disabled Persons Act, Rocca seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39. He also seeks to enjoin Norm's Restaurant from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM
### Unruh Civil Rights Act

40. Rocca incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44. Norm's Restaurant's aforementioned acts and omissions denied the physically disabled public—including Rocca—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

*Rocca v. Norms Restaurants, LLC, et al.*
Plaintiff's Complaint

45.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Rocca by violating the Unruh Act.

46.    Rocca was damaged by Norm's Restaurant's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47.    Rocca also seeks to enjoin Norm's Restaurant from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

48.    Rocca incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51.    Rocca alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

52.    Norm's Restaurant's non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Rocca and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

X. PRAYER FOR RELIEF

WHEREFORE, Rocca prays judgment against Norm's Restaurant for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Declaratory relief that Norm's Restaurant violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.     Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.     Attorneys' fees, litigation expenses, and costs of suit.[2]

5.     Interest at the legal rate from the date of the filing of this action.


DATED: January 13, 2016          DISABLED ADVOCACY GROUP, APLC


                                        */s/ Scottlynn J Hubbard IV*
                                        SCOTTLYNN J HUBBARD IV
                                        Attorney for Plaintiff

---

[2]     This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Rocca v. Norms Restaurants, LLC, et al.*
Plaintiff's Complaint